IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORA LYNN CIESZYNSKI,

Plaintiff,

ORDER

v.

21-cv-10-wmc

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.

---

On March 15, 2023, the Court of Appeals for the Seventh Circuit vacated this court's judgment affirming the Commissioner of Social Security's decision denying plaintiff Lora Lynn Cieszynski's application for disability insurance benefits and supplemental security income and remanded this case to the agency for further proceedings under sentence four of 42 U.S.C. § 405(g). Now before the court is plaintiff's attorneys' motion[2] for attorney fees pursuant to § 406(b) in the net amount of $ $29,215.23. (Dkt. ##62, 66.)

As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*. Counsel asks the court to approve an attorney fee award in the net amount of $29,215.23, which represents the difference between the prior Equal Access to Justice Act ("EAJA") fee awards of $29,726.24 in her first federal appeal and this case (*see* dkt. #54-1 (E.D. Wis. order awarding $5,088.75 to Attorneys Vincent and Robert Angermeier); dkt. #61 (this court's order awarding

---

[1] The court has amended the caption to reflect Bisignano's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] Counsel's supplemental brief, which is signed by both Attorney Dana Duncan and Attorney Vince Angermeier, makes clear that the two attorneys will split the award amongst themselves by separate agreement. (Dkt. #67, at 14.)

$7,721.38 to Attorney Angermeier and $16,916.14 to Attorney Dana Duncan)), and 25% of the past-due benefits and auxiliary benefits awarded to plaintiff, totaling $58,941.50. Defendant does not take a position on the reasonableness of the requested fee or on counsel's request that counsel retain the EAJA award and receive the net award from past-due benefits. (Dkt. ##64, 67.)

Having considered the supporting materials filed by plaintiff's attorneys, and hearing no objection from plaintiff or defendant, the court will grant the motion. The $58,941.50 in total fees requested by counsel are reasonable in light of the time they and members of their firms spent on this case and the favorable result they ultimately obtained for plaintiff while working on a contingency basis.

Of course, counsel are not allowed to recover both awards. Section 406(b) has been harmonized with the EAJA; therefore, even though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under Section 406(b)."). In accordance with the court's past practice, however, the court will allow counsel to retain the EAJA award, and the court will subtract the EAJA award from the amount awarded in this order.

ORDER

IT IS ORDERED that:

1) Counsel's motion for attorney fees under 42 U.S.C. § 406(b)(1) (dkt. ##62, 66) is GRANTED.

2) The court approves representative fees under § 406(b) in the gross amount of $58,941.50.

3) Counsel may retain the $29,726.24 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4) The net amount of $29,215.23 shall be disbursed by the Commissioner from any of plaintiff's past-due benefits being withheld and in accordance with agency policy.

Entered this 1st day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge